FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2012 JUN 22  P 3: 2b

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| Disney Enterprises, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  1:12cv 687 |
| v. | ) | LMB/TRJ |
| | ) | |
| Honorable David Kappos, | ) | |
| Under Secretary of Commerce for Intellectual | ) | |
| Property and Director of the United States | ) | |
| Patent and Trademark Office | ) | |
| | ) | |
| Office of General Counsel, United States | ) | |
| Patent and Trademark Office, P.O. Box 1450, | ) | |
| Alexandria VA 22313-1450 | ) | |
| Madison Building East, Rm. 10B20, | | |
| 600 Dulaney Street, Alexandria, VA 22314 | | |
| Defendant. | | |

## COMPLAINT TO AUTHORIZE THE DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE TO ISSUE LETTERS PATENT

Plaintiff Disney Enterprises, Inc. ("Disney"), for its complaint against the Honorable

David Kappos, states as follows:

### NATURE OF THE ACTION

1.      This is an action pursuant to 35 U.S.C. § 145 by the assignee of United States

patent application No. 09/970,772 (the "'772 application"), a reissue application of U.S. Patent

No. 5,963,915 (the "'915 Patent"), seeking judgment that it is entitled to a reissue patent for the

inventions defined by claims 1-22, 90-119, 123-130, 132-143, and 145-146 (the "pending

claims") of the '772 application.

2.      This action arises under 35 U.S.C. §145 and the Administrative Procedure Act, 5

U.S.C. §§ 701-706.

## THE PARTIES

3.      Plaintiff Disney is a corporation organized under the laws of the State of Delaware, having a principal place of business at Burbank, California.

4.      Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the U.S. Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO, charged by statute with providing management supervision for the PTO and for granting and issuing patents.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 145, and 5 U.S.C. §§ 701-706.

6.      Venue is proper in this district by virtue of 35 U.S.C. § 145, as amended September 16, 2011.

7.      This Complaint is timely filed in accordance with 35 U.S.C. § 145 and Fed R. Civ. P. 6(a), as it is filed within 60 days of the final decision of the Board of Patent Appeals and Interferences (the "Board") denying Plaintiff's request for rehearing of the Board's decision in Appeal No. 2011-011736 holding the pending claims of the '772 application unpatentable.

## BACKGROUND

8.      The '915 patent (Exhibit A) was issued on October 5, 1999, from an original application filed at the PTO on February 21, 1996.

9.      On October 4, 2001, Infoseek Corporation, the original owner by assignment of the '915 patent, filed the '772 application seeking reissue of the '915 patent.

10.     The sole inventor named on the '915 patent and the '772 application is Steven T. Kirsch.

11.     The '772 application, as presently amended, contains claims 1-22, 90-119, 123-130, 132-143, and 145-146, which Plaintiff believes are patentable.

12.     On August 14, 2006, Infoseek Corporation sold and assigned the entire right and title of the '915 patent and the '772 application to Disney Enterprises Inc.  Thus, Disney is the present assignee of the '915 patent and the '772 application.

13.     On April 6, 2011, the Examiner at the PTO in charge of examination of the '772 application finally rejected all of the pending claims of the '772 application pursuant to 35 U.S.C. § 103(a) as being obvious over a combination of certain identified patents and allegedly admitted prior art.  Specifically, the Examiner rejected:

    a.     claims 1-8, 10-13, and 16 as obvious over U.S. Patent 5,708,780 (the "Levergood" patent)  in view of U.S. Patent 5,963,915 (the "Kirsch" patent), and U.S. Patent 5,732,219 (the "Blumer" patent);

    b.     claims 90-93, 95-100, 102-119, 123-125, and 136-138 as obvious over the Levergood patent, the Kirsch patent, the Blumer patent and U.S. Patent 5,918,213 (the "Bernard" patent);

    c.     claims 9 and 14 under 35 U.S.C. § 103(a) as obvious over the Levergood patent, the Kirsch patent, the Blumer patent, the Bernard patent and US Patent Publication 20030068022 (the "Katz" publication);

    d.     claim 15 under 35 U.S.C. § 103(a) as obvious over the Levergood patent, the Kirsch patent, the Blumer patent, the Bernard patent, the Katz publication and U.S. Patent 5,870,717 (the "Wiecha" patent);

3

e.      claims 17-22, 94, 101, 114, 126-130, 132-134, and 139 as obvious over the Levergood patent, the Kirsch patent, the Blumer patent, the Bernard patent and established case law;

f.      claim 135 under 35 U.S.C. § 103(a) as obvious over the Levergood patent, the Kirsch patent, the Bernard patent and U.S. Patent No. 5,935,004 (the "Tarr" patent); and

g.      claims 140-143, 145, and 146 as obvious over Levergood patent, the Kirsch patent, the Blumer patent, the Bernard patent, established case law and 2 postings to Google Groups.

14.      The pending claims were not subject to any other rejections or objection by the Examiner, meaning that but for the rejections under 35 U.S.C. § 103(a), the Examiner would have found the claims to define patentable subject matter and reissued the '915 patent pursuant to 35 U.S.C. § 251.

15.      On April 13, 2011, Disney appealed the Examiner's rejections to the Board. (Exhibit B)

16.      In its appeal to the Board, Disney explained that several of the characterizations of the prior art references made by the Examiner were factually incorrect or inaccurate, both as to what they described and what the description would have taught or suggested to a person of ordinary skill in the art.

17.      Disney also explained that the claimed methods and systems represented inventions that would not have been considered obvious to a person of ordinary skill in the art as of the effective filing date, *inter alia*, because the prior art taught away from the claimed methods and systems.  For example, Disney explained that the Levergood patent, the primary

reference used to support each of the rejections under 35 U.S.C. § 103(a), expressly taught away from the concept of incorporating client-specific identification information in persistent client-side cookies, *inter alia*, due to the express recognition in Levergood that doing so would present unacceptable security risks and would require use of special forms of Internet browsers that would not be compatible with Internet transactions requiring use of standardized browsers.

18.     On November 17, 2011 the Board of Appeals affirmed the Examiner's rejections in all respects. (Exhibit C)

19.     On January 17, 2012, Disney timely filed a Request for Rehearing, explaining, *inter alia*, that the Board had not appreciated the factual errors made by the Examiner or the significance of those errors to the Examiner's conclusion of obviousness of the claims. The Board of Appeals denied this request on April 25, 2012. (Exhibit D)

20.     The complaint in this Court is timely filed, in accordance with 37 C.F.R. §§ 1.304(a)(1) and (a)(3), as it is filed within 60 days of the final decision of the Board of Appeals denying Disney's Request for Rehearing.

21.     Disney has not appealed the final Decision of the Board to the United States Court of Appeals for the Federal Circuit from the decision of the Board of Appeals.

## CLAIM FOR RELIEF

22.     The allegations of paragraphs 1-21 are incorporated in this claim for relief as if fully set forth.

23.     The Board's legal conclusion that Disney was not entitled to a reissue of the '915 patent because claims 1-22, 90-119, 123-130, 132-143, and 145-146 of the '772 application would have been considered obvious under 35 U.S.C. § 103(a) was erroneous.

24.    Plaintiff is entitled to a reissue patent of the '915 patent containing claims 1-22, 90-119, 123-130, 132-143, and 145-146 of the '772 application because those claims meet all of the statutory requirements of patentability.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Issue an Order that claims 1-22, 90-119, 123-130, 132-143, and 145-146 of U.S. Reissue Patent Application 09/970,772 are not unpatentable under 35 U.S.C. § 103(a) in view of any of the prior art, authority or reasoning identified in the Board's Decisions of November 17, 2011 and April 25, 2012, and that because no other objections or rejections were imposed by the Director of such claims, Disney is entitled to receive a Letters Patent containing such claims pursuant to 35 U.S.C. § 251.

B.  Issue an Order pursuant to 35 U.S.C. § 145 authorizing the Director of the United States Patent and Trademark Office to reissue the '915 patent with claims 1-22, 90-119, 123-130, 132-143, and 145-146 of the '772 application.

C.  Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated:  June 21, 2012

Respectfully submitted,

Jeffrey P. Kushan (VSB# 34452)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.:  202-736-8000
Fax:  202-736-8711

*Attorney for Plaintiff Disney Enterprises, Inc.*